[Dkt. Nos. 11, 12, 17, 19, 28, 46, 52]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| CHRISTINA ITIOWE, | Civil Action No. 20-18516 (RMB/SAK) |
| Plaintiff, | |
| v. | **OPINION** |
| DONALD J. TRUMP; ATLANTICARE REGIONAL MEDICAL CENTER MAINLAND CAMPUS; JOEL MASTROMARINO; MEGAN KELLERMAN; CYNTHIA FABRIZIO; TONYA MONTGOMERY; JADA ANDREWS; TRIXIE MARY JEAN; PATRICIA YOUNG; AMANDA PAOLETTI; ALEXA MAKRIS; JUDITH OKORO; JUDGE PAMELA D'ARCY, | |
| Defendants. | |

**BUMB, District Judge**

This matter comes before the Court upon six (6) pending motions: Defendants' (1) Atlanticare Regional Medical Center Mainland Campus ("Atlanticare") [Dkt. No. 11]; (2) Deputy Attorneys General Alexa Makris and Amanda Paoletti ("DAG Defendants") [Dkt. No. 12]; (3) Judith Okoro of the Office of Law Guardian [Dkt. No. 17]; (4) Joel Mastromarino, Megan Kellerman, Cynthia Fabrizio, Tonya Montgomery, Jada Andrews, Trixie JeanMary (improperly pled as Trixie Mary Jean), and Patricia Young of the New Jersey Division of Child Protection and Permanency ("DCP&P Defendants") [Dkt. No. 19]; and (5) former President of the United States, Donald J. Trump, in his official capacity [Dkt. No. 28] motions to

1

dismiss *pro se* Plaintiff Christina Itiowe's first Amended Complaint due to lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1); failure to state a claim under Fed. R. Civ. P. 12(b)(6); Eleventh Amendment sovereign immunity as to the DAG and DCP&P Defendants; and under the *Rooker-Feldman* doctrine.[1] Plaintiff Itiowe's (6) Motion to File an Amended Complaint [Dkt. No. 46] is the final pending motion. For the reasons set forth below, the Court GRANTS Defendants' motions to dismiss and DENIES WITHOUT PREJUDICE Plaintiff's motion to amend her complaint. [Dkt. No. 46].

## I. Background

### a. Procedural History

This sad and unnecessarily convoluted matter commenced with Plaintiff Christina Itiowe's *pro* se Complaint filed on December 8, 2020. [Dkt. No. 1]. She then filed a first Amended Complaint on January 22, 2021 [Dkt. No. 8] and a second Amended Complaint against the Honorable Judge Pamela D'Arcy on February 26, 2021. [Dkt. No. 25]. Plaintiff also submitted a Motion to File an Amended Complaint on August 10, 2021, seeking to add David Westman of the New Jersey Division of Child Protection and Permanency and the Honorable Judge Rodney Cunningham of the New Jersey Superior Court, Family Division, Atlantic County as additional defendants to the matter. [Dkt. No. 46]. In response to a second Motion

---

[1] Also named as a Defendant in this case is the Honorable Judge Pamela D'Arcy of the New Jersey Superior Court, Family Division, Atlantic County. Perplexingly, Judge D'Arcy has not yet responded to Plaintiff's Amended Complaint.

2

to Amend Complaint [Dkt. No. 52], filed by Plaintiff on August 31, 2021, the Court issued a text order administratively terminating Plaintiff's motion [Dkt. No. 52] without prejudice. The text order advised that "[t]he Court will first address the pending motions which may affect the current motions. Defendants need not respond at this time. Moreover, Plaintiff shall refrain from filing further motions and burdening the Court, absent good cause, but shall await the Court's ruling on the pending motions." [Dkt. No. 53]. Along with these multiple and nearly identical Amended Complaints, Plaintiff has also made numerous subsequent submissions to the Court.[2] Among other items of correspondence, Plaintiff has repeatedly requested a pre-trial conference [Dkt. Nos. 14, 16, 37], submitted a website link directing the Court to listen to a podcast she produced about this matter [Dkt. No. 33], and proposed a "settlement" seeking $125 Million from each named Defendant. [Dkt. No. 47].

### b. The Amended Complaint

As best this Court can decipher, Plaintiff's alleged cause of action emanates, unfortunately, from a child custody dispute in New Jersey state court that began shortly after the birth of Plaintiff's son on May 22, 2019. [Dkt. No. 8 at 7]. Per the Amended Complaint, Plaintiff claims that her son was "illegally removed from my

---

[2] Throughout this matter, Plaintiff has made extensive submissions to the Court. Given Plaintiff's *pro se* status, the Court liberally construes the Complaint and Plaintiff's other submissions together in ruling on the pending motions. *See Wallace v. Fegan*, 455 Fed.Appx. 137, 139 (3d Cir. 2011). For the purpose of clarity, the Court will refer to all of Plaintiff's pleadings and submissions collectively as Plaintiff's Amended Complaint.

3

home" on May 24, 2019, after she shared concerns with members of the Atlanticare hospital staff regarding mold and its effect on pregnancy. *Id.* at 8. Plaintiff alleges her parental rights were "wrongfully terminated" by Judge Pamela D'Arcy of the New Jersey Superior Court Family Division in Atlantic County, New Jersey on November 20, 2020, due to Plaintiff's mental health diagnosis. *Id.* In addition to seeking custody of her son, Plaintiff asserts various claims of disability discrimination, fraud, violations of ADA Disability Law [sic] and her religious rights, and violations of the First, Fourth, and Fourteenth Amendments. *Id.* at 3, 22. Plaintiff is seeking $400 Million in damages from each of the named Defendants in this case. *Id.* at 12.

Plaintiff's Amended Complaint also contains numerous conspiratorial allegations that, while disturbing, are extraneous to the present matter. The Court is unable to discern a legal or factual basis for these claims. Plaintiff alludes to "fraud, discrimination and all sorts of unlawful acts" performed by the government of the United States [*Id.* at 8], and claims, without evidence, that the Trenton Police Department was involved in the death of her sister, Victoria Itiowe, in 2016. [*Id.* at 14]. The Court struggles to make sense of the allegations presented in Plaintiff's Amended Complaint, including her statement that she "experienced various stances of fraud and corruption not only being dealt to all my case matter handlings being handled at United states federal district court, Superior court, Supreme court of washington DC and NY supreme court [sic]." *Id.* at 14-15.

4

## II. Pending Motions

### a. Motions to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendants fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 662. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. *Id.* at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

When reviewing a plaintiff's complaint on a motion to dismiss, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." *Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012).

When undertaking this review, courts are limited to the allegations found in the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents that form the basis of a claim. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

In considering a motion to dismiss a *pro se* complaint, a court must bear in mind that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *See Dickerson v. New Jersey Inst. of Tech.*, 2019 WL 6032378, at *4 (D.N.J. Nov. 14, 2019) (citing *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004). This more liberal construction of *pro se* complaints does not, however, absolve a *pro se* plaintiff of the need to adhere to the Federal Rules of Civil Procedure. *See, e.g., Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) ("a *pro se* complaint ... must be held to 'less stringent standards than formal pleadings drafted by lawyers;' ... but we nonetheless review the pleading to ensure that it has 'sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face.' "); *Badger v. City of Phila. Office of Prop. Assessment*, 563 F. App'x 152, 154 (3d Cir. 2014) ("Complaints filed *pro se* are construed liberally, but even a *pro se* complaint must state a plausible claim for relief.").

### b. Motion to File Amended Complaint

Federal Rule of Civil Procedure 15(a) requires that leave to amend the pleadings be granted freely "when justice so requires." *Long v. Wilson*, 393 F.3d 390,

400 (3d Cir. 2004). Accordingly, motions to amend should be liberally granted, absent substantial prejudice, unless "denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiencies by amendments previously allowed or futility of amendment." *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1196 (3d Cir. 1994) (internal citation omitted). In deciding whether to grant leave to amend, "prejudice to the non-moving is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir.1978)). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *See Long*, 393 F.3d at 400. Further, a proposed amendment is appropriately denied where it is futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). In determining whether an amendment is "insufficient on its face," the Court employs the Rule 12(b)(6) motion to dismiss standard. *See Alvin*, 227 F.3d at 121. Under Rule 12(b)(6), a motion to dismiss will be granted if the plaintiff fails to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). When determining whether a claim

should be dismissed under Rule 12(b)(6), the Court accepts as true all of the allegations contained in the complaint and draws reasonable inferences in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).

### III. Analysis

Upon review, it is readily apparent that Plaintiff's *pro se* Amended Complaint is incurably deficient on multiple grounds. Even after taking into account Plaintiff's *pro se* status and reading the Amended Complaint and subsequent submissions liberally, the Court finds that the Plaintiff's pleadings "lack a short and plain statement" of the grounds for jurisdiction and fail to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff Itiowe's extensive pleadings contain numerous unintelligible assertions regarding a variety of claims seemingly unrelated to the child custody matter. At base, these pleadings fail to provide Defendants with fair or adequate notice of the claims against them or establish that Plaintiff is entitled to relief as required by Federal Rule of Civil Procedure 8(a)(2). *See Twombly*, 550 U.S. 544 at 555. Accordingly, the Court finds that the substantial deficiencies in Plaintiff's pleadings warrant dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

Moreover, Plaintiff's claims against all Defendants would appear to be precluded by the *Rooker-Feldman* doctrine. District courts under the *Rooker-Feldman* doctrine are prohibited from exercising jurisdiction and reviewing a state court's final determinations. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159,

8

163 (3d Cir. 2010); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) (holding that "no court of the United States other than this Court could entertain a proceeding to reverse or modify the judgment for errors"); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). The application of the doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Great W. Mining & Mineral Co.*, 615 F.3d at 166 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). As best this Court can determine, Plaintiff's claims stem from her dissatisfaction with the outcome of a child custody proceeding in New Jersey state family court. Plaintiff's Amended Complaint does not indicate that she appealed the decision to the Superior Court of New Jersey Appellate Division, and the child's removal was ordered in November 2020, prior to Plaintiff's filing of the instant federal lawsuit in December 2020. Thus, Plaintiff's suit appears to be a surreptitious attempt by an unsuccessful state court litigant to circumvent the appellate process at the state court level. As a matter of law, this Court lacks authority to review and reject the state court's findings, and the state court's judgment is final. Having found that Plaintiff's Amended Complaint is incurably deficient on these grounds, the Court need not address the other arguments set forth in Defendants' motions to dismiss.

The Court will also deny Plaintiff's Motion to File an Amended Complaint. [Dkt. No. 46]. Plaintiff seeks to add David Westman of the New Jersey Division of

9

Child Protection and Permanency and the Honorable Judge Rodney Cunningham of the New Jersey Superior Court, Criminal Division, Atlantic County to the matter. *Id.* According to Plaintiff, Judge Rodney Cunningham was assigned to her case in New Jersey state court in March 2021. [Dkt. No. 46 at 13]. Plaintiff's Motion to Amend will be denied for the same reasons the above-mentioned Motions to Dismiss will be granted. Plaintiff's proposed Motion to Amend, as well as the administratively terminated Second Motion to Amend [Dkt. No. 52] would be an exercise in futility as it relies on the same barebones allegations that make her initial Amended Complaint deficient from the start. Adding defendants, especially those presumably possessing Eleventh Amendment immunity and judicial immunity, fails to cure the numerous deficiencies in Plaintiff's pleadings. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained a complaint is inapplicable to legal conclusions.") Finally, with respect to Plaintiff's request that default judgment be entered against Judge Pamela D'Arcy, that request is **DENIED**. Federal Rule of Civil Procedure 55 provides that a Court may enter default judgment against a defendant only after the clerk's entry of default. Fed. R. Civ. P. 55(b). Moreover, even if default were entered—it is not clear why no answer has been filed— the Court would require Plaintiff Itiowe to show cause why the doctrine of judicial immunity does not apply.

## IV.   Conclusion

For the foregoing reasons, Defendants' motions to dismiss will be **GRANTED**. Out of an abundance of caution, however, and recognizing the

admonitions given by the Court of Appeals for the Third Circuit that District Courts should afford sufficient opportunities to *pro se* litigants to put forward their claims, the Court will permit Plaintiff one last chance to prove that her claims should survive dismissal. Accordingly, within thirty (30) days Plaintiff shall file **no more than three (3) pages** succinctly stating what her claims are, a brief summary of the facts supporting her claims, and against which defendants. Failure to do so will result in a dismissal with prejudice. In the event the Court has misconstrued Plaintiff's claims in this Opinion, the foregoing letter will seek to clarify the written Complaint.

An appropriate Order follows.

Date: September 29, 2021

RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE